IN THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBORAH WHITFIELD, | |
| Plaintiff, | CIVIL ACTION FILE NO.: _____ |
| v. | |
| STEPHEN EUBANK AND OLD DOMINION FREIGHT LINE, INC. | DeKalb State Court Case No. 22A00926 |
| Defendants. | |

## DEFENDANTS' NOTICE OF REMOVAL

COME NOW, Defendants STEPHEN EUBANK ("Eubank") and OLD DOMINION FREIGHT LINE, INC. ("ODFL") (hereinafter collectively as "Defendants"), by and through their counsel of record, and without waiving any defenses as to jurisdiction or proper party, hereby file this Notice of Removal, respectfully showing the Court as follows:

1.

This is a personal injury action filed by Plaintiff Deborah Whitfield ("Plaintiff") against Defendants in the State Court of Dekalb County, State of Georgia, Civil Action File No. 22A00926. It arises from a motor vehicle accident that occurred in Dekalb County, Georgia. A copy of the Complaint and state court filings are attached hereto as Exhibit "A". Defendants' Answer to Plaintiff's

Complaint are attached hereto as Exhibit "B."

## Complete Diversity Jurisdiction Exists

2.

Upon information and belief, Plaintiff is a citizen of the State of Georgia.

3.

At the time of the filing of the Complaint, Defendant Eubank was, and currently is, a citizen and resident of the State of Tennessee, residing at 2667 Nashville Highway, Lewisburg, TN 37091.

4.

Defendant Old Dominion Freight Line, Inc. is a North Carolina corporation whose principal place of business is in the State of North Carolina, at 500 Old Dominion Way, Thomasville, NC 27360.  ODFL's registered agent in the state of Georgia is CT Corporation System, which maintains an office at 289 S. Culver Street, Lawrenceville, GA 30046-4805.

5.

Defendants have a good faith basis to believe that the amount in controversy exceeds $75,000.00.  Plaintiff has pled special damages of approximately $47,000.00 in her Complaint, in addition to unspecified general damages and nominal damages.  Defendants wrote to Plaintiff's counsel on March 25, 2022 and requested that, if the damages would not exceed $75,000.00, Plaintiff sign a

stipulation to limit damages to that amount and remain in state court. (Exhibit "C"). Plaintiff's counsel advised that he did not have authority to limit damages to $75,000. (Exhibit "D"). Defendants accordingly believe that Plaintiff intends to seek damages which exceed $75,000.00.[1]

6.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (a) because complete diversity exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**Removal is Timely**

7.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of any Defendant being served. This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendants of a copy of the initial pleading setting forth the claim upon which this action is based. 28 U.S.C. § 1446 (b). The parties being fully diverse, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).

---

[1] Defendants will withdraw this removal and consent to remand if Plaintiff stipulates that her damages will not exceed $75,000.00.

## Venue is Proper in the Northern District

8.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Dekalb County. *See* 28 U.S.C. § 90(a)(2).

## The Unanimity Requirement is Met

9.

The Supreme Court has construed the removal statutes to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (*citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900)). Defendants are both represented by the undersigned counsel, and consent to removal of this case to this Court.

## Removal is Proper

10.

No previous application for the relief sought herein has been made to this or any other Court.

11.

Good and sufficient defenses to Plaintiff's claims exist.

12.

Now, within thirty (30) days after service on Defendants, notice is hereby given in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11, Federal Rules of Civil Procedure, of the removal of said action to this Court.

13.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Dekalb County. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "E."

**WHEREFORE**, Defendant prays that this Court take cognizance and jurisdiction over this claim from the State Court of DeKalb County, Georgia, and this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. § 1332.

Respectfully submitted this 11th day of April, 2022.

                                          MCMICKLE, KUREY & BRANCH, LLP

                                        */s/ Elenore C. Klingler*
                                        KEVIN P. BRANCH
                                        Georgia Bar No. 111839
                                        ELENORE C. KLINGLER
                                        Georgia Bar No. 425190
                                        *Attorneys for Defendants*

217 Roswell Street, Suite 200
Alpharetta, GA 30009
Telephone:  (678) 824-7800
Facsimile:   (678) 824-7801
Email: kpb@mkblawfirm.com
      eklingler@mkblawfirm.com

Counsel for Defendants hereby certifies that Defendants' Notice of Removal has been prepared with one of the font and point selections approved by the Court in LR 5.1(b):  Times New Roman (14 point).

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing **NOTICE OF REMOVAL** via the Court's efiling system and statutory electronic service to:

Richard Parsons, Esq.
Shaun Moore, Esq.
PARSONS LAW, LLC
208 Pirkle Ferry Road, Suite B
Cumming, GA 30040
Email: rparsons@parsons-lawfirm.com
*Attorneys for Plaintiff*

This 11th day of April, 2022.

/s/ *Elenore C. Klingler*

_____
ELENORE C. KLINGLER
For the Firm